## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Deanna Tripp | Case No. |
| Plaintiff | COMPLAINT |
| | Judge: |
| v. | Magistrate: July Demand Requested |
| J.C. Christensen & Associates, Inc. 200 14th Ave. E Sartell, MN 56377 Defendant | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

### INTRODUCTION

1. Plaintiff, Deanna Tripp, brings this action to secure redress from unlawful collection practices engaged in by Defendant, J.C. Christensen & Associates, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff, Deanna Tripp (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

6. Plaintiff is a resident of the State of Illinois.

7. Defendant, J.C. Christensen ("Defendant"), is an Illinois business entity with an address of 200 14th Ave., Suite E, Sartell, MN 56377 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

8. Unless otherwise stated herein, the term "Defendant" shall refer to J.C. Christensen

9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $819.73 (the "Debt") to an original creditor (the "Creditor")

11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

13. On January 15, 2016, Defendant mailed Plaintiff a collection letter. See Exhibit A.

14. Said collection letter stated "[I]n an effort to resolve this matter as quickly as possible we have been authorized to negotiate GENEROUS SETTLEMENT TERMS on this account. Please review the following settlement opportunities to make resolution of your account a reality:" See Exhibit A.

15. Two out of the three terms being offered are payment plans over a three to six month period. See Exhibit A.

16. Then, said letter states at the bottom of the main body "[T]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment of this debt will not affect your credit score."

17. While the letter states Plaintiff will not be sued for non-payment on the time barred debt, it fails to mention that if debtor pays one penny below the amount due, the statute of limitations starts over for the rest of the debt, and Defendant or another subsequent debt collector is free to take legal action on the remaining debt.

18. The Court in *Delgado vs. Capital Management Services, LP, et al.*, 4:12-cv-4057-SLD-JAG (C.D. Ill. 2013) stated that when "collecting on a time barred debt a debt collector must inform the consumer that (1) the collector can not sue to collect the debt and (2) providing a partial payment would revive the collector's ability to collect the balance."

19. Furthermore, in *McMahon vs. LVNV Funding, LLC*, 744 F.3d 1010, (7th Cir., 2014), the Seventh Circuit Court of Appeals found it particularly problematic using language "settle" in communications collecting on time barred debts.

20. In the case at bar, Defendant did not state that if Plaintiff sent a partial payment, it would revive the Defendant's ability to sue on this account, even though it has offered payment plans for the entire balance of Plaintiff's debt.

21. In the case at bar, Defendant has used the language "settle" in a collection letter for a time barred debt.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin

John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff